**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **RICKY LEE BUCKLEY, et al.,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | **Civ. No. MJM-24-2767** |
| **v.** | * | |
| | * | |
| **R. THOMAS BOWMAN, DVM, et al.,** | * | |
| | * | |
| **Defendants.** | * | |
| | * * * * * * * * * * | |

**MEMORANDUM ORDER**

This matter is before the Court on plaintiffs Ricky Lee Buckley and Long Valley Stables, LLC's (collectively, "Plaintiffs") Motion for Leave to File Amended Complaint. ECF No. 34. No hearing is necessary to resolve the motion. *See* Loc. R. 105.6 (D. Md. 2025). For reasons stated below, the motion is granted in part and denied in part.

## I.    BACKGROUND

Plaintiffs brought suit for compensatory and punitive damages against defendants Dr. R. Thomas Bowman ("Dr. Bowman"), Christina Mary Bowman, Dr. Brooke Bowman, Rebecca "Becky" Davis, and Becky Davis Agent, Inc. ("Davis Agent") (collectively, "Defendants") for alleged violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act and various contract, quasi-contract, and tort claims. Plaintiffs allege that Defendants' operation of a racketeering enterprise called Dance Forth Farm and various misdeeds resulted in injuries, deaths, and wrongful sales of numerous horses in which Plaintiffs had ownership interests and placed in Defendants' care.[1]

---

[1] Additional facts relevant to the Court's decision are discussed in Part III *infra*.

1

The Court previously granted in part and denied in part Davis Agent's motion to dismiss and dismissed without prejudice under Federal Rule of Civil Procedure 12(b)(6) all counts asserted against this defendant in the original Complaint, except Count III (negligence and gross negligence). ECF No. 33. Plaintiffs now move for leave to amend their pleading to add facts in support of the previously dismissed counts, except Count IV (veterinary malpractice). ECF No. 34 They attach a proposed Amended Complaint to their motion. ECF No. 34-1. All Defendants filed responses in opposition to the motion, ECF Nos. 43 & 44, and Plaintiffs filed a reply in support of the motion, ECF No. 47.

## II.    STANDARD OF REVIEW

Amendment of pleadings in federal court is governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15 states that "[a] party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a [Rule 12 motion], whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)–(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, the Fourth Circuit has endorsed a liberal approach to granting motions for leave to amend. The court has "interpreted Rule 15(a) to provide that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citation and internal quotation marks omitted).

### III.    DISCUSSION

Defendants oppose Plaintiffs' proposed amendments to their pleadings but do not argue that the proposed amendments are prejudicial or that they are proposed made in bad faith. And the Court does not find the proposed amendments to be prejudicial or offered in bad faith. After ruling on the prior motion to dismiss, the Court set a prompt deadline for the filing of any motion for leave to amend, *see* ECF No. 33, and Plaintiffs filed their motion before the deadline. Plaintiffs' proposed amendments do not assert any new causes of action; they only add facts to support claims against Davis Agent that were dismissed from the original Complaint.

Defendants argue that the proposed amendments are futile. Leave to amend should be denied as futile "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.1980)). "Thus, it may be within the trial court's discretion to deny leave to amend when it is clear that a claim cannot withstand a Rule 12(b)(6) motion." *Fox v. Statebridge Co., LLC*, Civ. No. SAG-21-01972, 2023 WL 1928224, at *2 (D. Md. Feb. 10, 2023) (citations omitted). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, futility is "a much less demanding standard" than that set by Rule 12(b)(6), *Morgan v. Coppin State Univ.*, Civ. No. SAG-20-0427, 2020 WL 6485083, at *2 (D. Md. Nov. 4, 2020) (quoting *Aura Light US Inc. v. LTF Int'l LLC*, Civ. Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017)), and "does not involve an evaluation of the underlying merits of the case," *Kolb v. ACRA Control, Ltd*., 21 F. Supp. 3d 515, 522 (D. Md. 2014), *aff'd*, 632 F. App'x 87 (4th Cir. 2015) (citation omitted).

At this stage, the Court does not find Plaintiffs' proposed amendments in support of the following claims against Davis Agent to be futile: unjust enrichment and quantum meruit in Count I; loss of use in Count V; fraudulent misrepresentation in Count VI; negligent misrepresentation in Count VII; fraudulent concealment in Count VIII; and violation of RICO Act in Count IX. However, the breach of contract claim asserted against Davis Agent in Count II is futile and will not proceed.

### A. Count I

Under Maryland law, a plausible claim for unjust enrichment or quantum meruit requires facts showing that "(1) the plaintiff conferred a benefit upon the defendant, (2) the defendant appreciated or knew of the benefit, and (3) the circumstances 'make it inequitable for the defendant to retain the benefit without payment of its value.'" *Innovations Surgery Ctr., P.C. v. United Healthcare Ins. Co.*, 722 F. Supp. 3d 582, 590 (D. Md. 2024) (citation omitted); *see also Cnty. Comm'rs of Caroline Cnty. v. J. Roland Dashiell & Sons, Inc.*, 747 A.2d 600, 607 n.7 (Md. 2000). The original Complaint did not include facts to suggest that Plaintiffs conferred any benefit upon, or made any payment to, Davis Agent. That pleading deficiency is addressed in the proposed Amended Complaint.

In the proposed Amended Complaint, Davis Agent is alleged to act as "the sales branch of the Dance Forth Farm enterprise," responsible for "selling all horses born of the Enterprise" and all tasks necessary "for the Enterprise to take its horses to market[.]" ECF No. 34-1, ¶¶ 7, 17. The proposed Amended Complaint also adds an allegation that bills issued to Plaintiffs "were fraudulently inflated to pay Becky Davis and Davis Agent for services they admit to never fully performing." *Id.* ¶ 322. Specifically, "Ms. Davis admitted to never fully prepping the sales horses because whoever they were sold to would neglect them anyway, so it was not worth it to her to

fully sales prep them." *Id.* Additionally, Plaintiffs allege that the horse Orion's Daughter '18 ("OD '18") was registered for a fall yearling sale in July 2019 but did not sell due to an injury. ECF 34-2, ¶¶ 101–02. Still, Davis Agent billed Mr. Buckley for the non-sale. *Id.* ¶ 103. In the same paragraph, Plaintiffs reference Exhibit 20, which is a payment report, suggesting that this document reflects a payment Mr. Buckley made to Davis Agent for the non-sale of OD '18. *Id.*; ECF No. 34-12. Thus, Plaintiffs adequately allege a benefit conferred upon Davis Agent, which may support a reasonable inference that Davis Agent was aware of the benefit, and the benefit was conferred for services Davis Agent did not render, which would "make it inequitable for [Davis Agent] to retain the benefit without payment of its value." *Innovations Surgery Ctr.*, 722 F. Supp. 3d at 590 (citation omitted). The proposed amendments in support of Plaintiffs' unjust enrichment claim against Davis Agent are not futile.

**B. Counts V, VI, VII, VIII, and IX**

Plaintiffs' claims against Davis Agent for loss of use, fraudulent misrepresentation, negligent misrepresentation, fraudulent concealment, and RICO violations in Counts V, VI, VII, VIII, and IX, respectively, are not "clearly insufficient or frivolous" under Rule 15's liberal standard. *Johnson*, 785 F.2d at 510 (citing *Davis*, 615 F.2d at 613).

As to Count V, in Maryland, a claim for "trespass to chattel" can occur when someone uses or interferes with chattel that another person possesses. Restatement (Second) of Torts § 217; *Ground Zero Museum Workshop v. Wilson*, 813 F. Supp.2d 678, 697 (D. Md. 2011). To state such a loss-of-use claim, a plaintiff must present facts demonstrating that the defendant's intentional actions have either "impaired the chattel's condition, quality, or use," or resulted in the possessor being deprived of the chattel's use for a significant duration. *Nordstrom, Inc. v. Schwartz*, Civ. No. GJH-18-3080, 2019 WL 4221475, at *3 (D. Md. Sept. 5, 2019) (citations omitted).

Regarding Count VI, to state a claim for fraudulent misrepresentation, the plaintiff must allege: (1) the defendant made a false representation to the plaintiff; (2) that the falsity was either known to the defendant or was made with reckless indifference as to its truth; (3) that the misrepresentation was made for the purpose of defrauding the plaintiff; (4) that the plaintiff relied on the misrepresentation and had the right to rely on it; and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation. *See Access Funding, LLC v. Linton*, 290 A.3d 112, 143 (Md. 2022), *as modified on reconsideration* (Mar. 16, 2023) (citations omitted).

Regarding Count VII, to state a claim for negligent misrepresentation, the plaintiff must allege facts to prove that "'(1) the defendant, owing a duty of care to the plaintiff, negligently asserts a false statement; (2) the defendant intends that his statement will be acted upon by the plaintiff; (3) the defendant has knowledge that the plaintiff will probably rely on the statement, which, if erroneous, will cause loss or injury; (4) the plaintiff, justifiably, takes action in reliance on the statement; and (5) the plaintiff suffers damage proximately caused by the defendant's negligence.'" *Lloyd v. Gen. Motors Corp.*, 916 A.2d 257, 273 (Md. 2007) (quoting *Virginia Dare Stores v. Schuman*, 1 A.2d 897, 899 (Md. 1938)).

Regarding Count VIII, to state a claim for fraudulent concealment, a plaintiff must plead: (1) duty to disclose a material fact; (2) failure to disclose a material fact; (3) with the intent to deceive, i.e., the defendant knows the plaintiff would act in a different manner had he or she known of the existence of the undisclosed fact; (4) the plaintiff acts in justifiable reliance upon the concealment; and (5) the plaintiff suffers damages as a result of the concealment. *Morris v. Biomet, Inc.*, 491 F. Supp. 3d 87, 105 (D. Md. 2020) (citing *Hill v. Brush Engineered Materials, Inc.*, 383 F. Supp. 2d 814, 823 (D. Md. 2005)).

As to Count IX, to sustain a civil RICO claim, a plaintiff must allege sufficient facts showing "(1) that he has suffered injury to his business or property; and (2) that this injury was caused by the predicate acts of racketeering activity that make up the violation of [18 U.S.C.] § 1962." *Mid Atl. Telecom, Inc. v. Long Distance Services, Inc.*, 18 F.3d 260, 263 (4th Cir. 1994). Acts of fraud are included in the statutory definition of "racketeering activity." *See* 18 U.S.C. § 1961(1). "A claim under RICO requires both reliance and damage proximately caused by the violation." *Caviness v. Derand Res. Corp.*, 983 F.2d 1295, 1305 (4th Cir. 1993).

As noted *supra*, Davis Agent is alleged to be responsible for sales of horses for "the Dance Forth Farm enterprise" and all tasks necessary "for the Enterprise to take its horses to market[.]" ECF No. 34-1, ¶¶ 7, 17. Plaintiffs further allege that Becky Davis, acting on behalf of Davis Agent, gave Mr. Buckley "updates about his horses from time to time, and would advise which horses she believed to be 'commercially viable[.]'" *Id.* ¶ 19. According to Plaintiffs, Defendants made false representations, including statements about horses' sales value, upon which Mr. Buckley relied in making sales decisions and decisions about whether to permit euthanasia of certain horses. *Id.* ¶¶ 294, 298. "Defendants represented to Mr. Buckley that certain horses were not worth taking to sale and had no value, when really there were undisclosed deals happening for the sale of said horses, unbeknownst to Mr. Buckley." *Id.* ¶ 293. Defendants claimed "that certain horses had no commercial value in order to convince Mr. Buckley to allow them to be sold at below-market value prices by way of undisclosed deals to undisclosed buyers . . . ." *Id.* ¶ 322. Specifically, Ms. Davis, acting for Davis Agent, "negligently and falsely asserted that certain horses were of no value . . . based on her knowledge and expertise." *Id.* ¶ 305. Thus, accepting the facts alleged the proposed Amended Complaint as true and drawing reasonable inferences in Plaintiffs' favor, *see King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016), Ms. Davis, on behalf of Davis Agent, was among

7

the Defendants responsible for the false representations upon which Mr. Buckley relied and is therefore implicated in the impairment and deprivation of the condition, quality, or use of Mr. Buckley's horses.

Further, Plaintiffs allege that Ms. Davis and Davis Agent "entered into deals for the sale of certain of Mr. Buckley's horses without telling him[,]" and they "would receive a 'kick-back' payment for selling the horse cheaply prior to the auctions."[2] *Id.* ¶ 251. In such cases, Ms. Davis and Davis Agent "convinced [Mr. Buckley] the horse had no commercial value and would not make money at the auction." *Id.* ¶ 334. "Defendants failed to disclose the scheme for Becky Davis and Davis Agent to fraudulently sell Mr. Buckley's horses outside of auctions in exchange for kickback payments." *Id.* ¶ 309. At one point, Ms. Davis told Mr. Buckley that if he wanted to buy out Dr. Bowman's interest in a horse the two owned in partnership, he should bid on the horse at a yearling sale, but later objected to the practice when Ms. Davis made deals to sell such horses to third parties without telling Mr. Buckley, falsely stating that the practice was incorrect. *Id.* ¶¶ 40–44. And, as noted *supra*, the proposed Amended Complaint adds an allegation that Defendants "fraudulently inflated" bills to pay Davis Agent for services it did not perform. *Id.* ¶ 322.

In their totality, the foregoing allegations Plaintiffs propose adding to their pleading are not "clearly insufficient" to support Plaintiffs' fraudulent misrepresentation, negligent misrepresentation, fraudulent concealment, and RICO claims against Davis Agent under Rule 15's liberal standard. *Johnson*, 785 F.2d at 510 (citing *Davis*, 615 F.2d at 613).

---

[2] Plaintiffs make the latter allegation "[u]pon information and belief[.]" Using "upon information and belief" as a pleading device may survive a motion to dismiss where "the facts are peculiarly within the possession of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible." *Stone v. Trump*, 400 F. Supp. 3d 317, 341 (D. Md. 2019) (quoting *Malibu Media, LLC v. Doe*, Civ. No. PWG-13-365, 2014 WL 7188822, at *4 (D. Md. Dec. 16, 2014)). Plaintiffs' use of this pleading device is permissible because whether Davis Agent received the alleged "kick-back" payments is information "peculiarly within" Defendants' possession.

### C. Count II

Not even Rule 15's liberal standard, however, can sustain Plaintiffs' breach of contract claim against Davis Agent asserted in Count II of the proposed Amended Complaint.

In Maryland, "to state a claim for breach of contract," a plaintiff must allege "(1) the existence of a contractual obligation owed by the defendant to the plaintiff, and (2) a material breach of that obligation by the defendant." *RRC Northeast, LLC v. BAA Maryland, Inc., Inc.*, 994 A.2d 430, 442 (Md. 2010). Plaintiffs allege that they entered into multiple contracts with Dr. Bowman and defendant Christina Mary Bowman for the joint ownership, lease, breeding, care, board, and/or sale of certain horses, ECF No. 34-1, ¶¶ 36, 37, 73, 98, 111, 127 & 152, which are attached as exhibits to the original Complaint, ECF Nos. 1-5, 1-6, 1-7 & 1-8. Although some of Plaintiffs' allegations refer to the contracting parties as the "Parties," Davis Agent is not a party to any of these written contracts discussed in or attached to the pleadings. *Id.*; *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citation and ellipses omitted) ("[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached, the exhibit prevails."). Plaintiffs do not plausibly allege that either Plainitff entered into an express contract with Davis Agent.

Plaintiffs contend that an implied contract existed between them and Davis Agent. ECF No. 47 at 7–8. The facts contained in the proposed Amended Complaint do not support that contention. "An implied-in-fact contract 'is an agreement which legitimately can be inferred from intention of the parties as evidenced by the circumstances and the ordinary course of dealing and the common understanding of men.'" *Clark Off. Bldg., LLC v. MCM Cap. Partners, LLLP*, 245 A.3d 186, 190 (Md. App. Ct. 2021) (quoting *Md. Cas. Co. v. Blackstone Int'l Ltd.*, 114 A.3d 676, 688 (Md. 2015)). "A breach of an implied-in-fact contract claim must plausibly aver the existence

of an agreement, that is, 'mutual assent (offer and acceptance),' to an agreement 'definite in its terms,' in exchange for 'sufficient consideration.'" *Innovations Surgery Ctr.*, 722 F. Supp. 3d at 590 (quoting *State Constr. Corp. v. Slone Assocs., Inc.*, 385 F. Supp. 3d 449, 464–65 (D. Md. 2019)). The proposed Amended Complaint does not include any facts to suggest any agreement between Plaintiffs and Davis Agent with definite terms. Plaintiffs allege in their proposed amended pleading that several of their written contracts do not "explicitly state who would be responsible for the months-long sales prep work prior to each sale" or "for taking the applicable offspring to the auction barn to sell them at the yearling sales," but "the Parties knew and understood that Becky Davis and Davis Agent" would be responsible for these tasks. ECF No. 34-1, ¶¶ 38, 74, 99 & 112. Plaintiffs allege that Becky Davis and Davis Agent's services as sales agent was an implied term of their written contracts and, at one point, became an express term through a text message that Dr. Bowman sent Mr. Buckley. *Id.* ¶ 18. But these allegations do not establish any contract between Plaintiffs and Davis Agent; nor do they support a reasonable inference that Davis Agent had any contractual obligation to either Plaintiff. Only the parties to the contract can have contractual obligations to other contracting parties. *See Lake Shore Inv'rs v. Rite Aid Corp.*, 461 A.2d 725, 730 (Md. App. Ct. 1983), *aff'd*, 471 A.2d 735 (Md. 1984) ("A contract can only impose obligation upon those who are parties to it."). Without any contractual obligation that Davis Agent owed Plaintiffs, the facts alleged in the proposed Amended Complaint are "clearly insufficient" to state a plausible claim for breach of contract against Davis Agent. *Johnson*, 785 F.2d at 510 (citing *Davis*, 615 F.2d at 613).

## IV.   ORDER

For the foregoing reasons, it is by the United States District Court for the District of Maryland hereby ORDERED that:

1. Plaintiffs' Motion for Leave to File Amended Complaint (ECF No. 34) is GRANTED IN PART and DENIED IN PART;

2. The motion is DENIED as to Count II and GRANTED as to Counts I, V, VI, VII, VIII, and IX;

3. The Clerk SHALL DOCKET Plaintiffs' proposed Amended Complaint as Plaintiffs' operative pleading in this matter;

4. Count II is DISMISSED without prejudice as to defendant Becky Davis Agent, Inc.


  3/3/26                                            /S/
Date                                        Matthew J. Maddox
                                            United States District Judge

11